UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

|  |  |
|---|---|
| BRANDON TRUDEL,<br><br>     Plaintiff,<br><br>v.<br><br>SCOTT WILLIAMS, et. al.,<br><br>     Defendant(s). | Case No. 25-cv-13908<br><br>Honorable Robert J. White |

**<u>OPINION AND ORDER OVERRULING AND SUSTAINING PLAINTIFF'S OBJECTIONS, ADOPTING AND REJECTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DISMISSING THE PLAINTIFF'S COMPLAINT, AND DENYING AS MOOT THE PLAINTIFF'S EMERGENCY MOTION FOR SUMMARY JUDGMENT</u>**

I.    <u>Introduction</u>

In December of 2025, Plaintiff Brandon Trudell filed his *pro se* complaint against multiple Defendants, one of whom is a state court judge, and the rest he has labeled as "Friend[s] of the Court." (ECF No. 1, PageID.3). Raising claims under 42 U.S.C. § 1983, (*id.* at PageID.22), the facts of Plaintiff's complaint are scant, but he appears to argue that a state court order requiring him, a veteran, to pay child support is invalid because federal laws governing veteran's benefits preempts the state court decision, (*see generally* ECF No.1).

Before the Court is Magistrate Judge Patricia T. Morris' report and recommendation dated December 15, 2025. (ECF No. 7).  The report recommended that the Court *sua sponte* dismiss the Plaintiff's complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. (*Id.* at PageID.34–5). Alternatively, the report recommended dismissing the Plaintiff's complaint as barred by the statute of limitations. (*Id.* at PageID.33–4). Plaintiff timely objected to the report and recommendation pursuant to Fed. R. Civ. P. 72(b)(2). (ECF No. 8). Additionally, after the Magistrate Judge issued her report, the Plaintiff filed an "Emergency Motion for Summary Judgment." ECF No. 9.

For the following reasons, the Court will (1) adopt the Magistrate Judge's report and recommendation in part and reject it in part, (2) dismiss the Plaintiff's complaint, and (3) deny the Plaintiff's emergency motion for summary judgment as moot.

II.   Background

It is difficult to determine what the relevant facts are that Plaintiff seeks to present. Plaintiff is a veteran and claims to be a Chapter 61 retiree[1] who was severely

---

[1] "Disability retirement is sometimes called Chapter 61 retirement, since the law governing such a retirement is in Chapter 61 of title 10 United States Code. Members who have been determined to be unfit for duty with a disability rated by the military Service as 30% or greater are eligible for disability retirement." *Disability Retirement*, Dep't of War, https://militarypay.defense.gov/Pay/Retirement/Disabilit y.aspx.

disabled in combat service. (ECF No.1 at PageID.9). He states that he is entitled to certain veterans and disability benefits because of his status. (*Id.*).

Seemingly, since 2019 Plaintiff has been required to pay some degree of child support, and payment from these benefits has been part of that calculus. (*See id.* at PageID.8–9). But Plaintiff does not appear to have kept up with these payments. Indeed, on September 22, 2022, he was jailed for 45 days under orders from the state court judge, as Plaintiff put it, "for the sole purpose of extracting $1900.00 from my disability benefits…." (*Id.* at PageID.9). Additionally, he appears to have been jailed once more in April of 2026 for failure to pay again. (*See* ECF No. 9, PageID.42).

III.    Legal Standard

District judges review *de novo* any part of the magistrate judge's recommended disposition "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

IV.    Analysis

Plaintiff has raised several objections to the Magistrate Judge's report, and, while some are persuasive, his complaint will still be dismissed.

1.  Objection to the Report as a Whole and the Standards

First, Plaintiff objects to the report and recommendation as a whole and the legal standard the Magistrate Judge cites for dismissal under 28 U.S.C. §

1915(e)(2)(B). (ECF No. 8, PageID.39–40). Both objections should be dismissed outright.

To start, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection effectively forces the district court to duplicate the work of the magistrate judge, which runs contrary to the purposes of the Magistrates Act. *Id.* This objection is overruled.

The second objection is also overruled. Plaintiff's objection simply restates his belief that he has stated a claim for which relief can be granted. The Court can do nothing further with this objection.

### 2. Objections to the *Rooker-Feldman* Doctrine

Plaintiff's next set of objections are far more substantive and fare better. Under two separate objections, Plaintiff argues that the Magistrate Judge improperly believed that the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. (ECF No. 8, PageID.39–40). He argues that he is not challenging any final order from the state court judge. *Id.* at PageID.40. Instead, he believes that whatever state laws permits the state judge to garnish his veteran's and disability benefits for child support are preempted by federal laws under both the Uniformed Services Former Spouses' Protection Act (USFSPA) and the Veterans' Judicial Review Act

(VJRA). (*Id.* at PageID.39–40; ECF No. 1, PageID.5–8). Plaintiff is correct; the *Rooker-Feldman* doctrine does not apply.

Recently, the Supreme Court reiterated the contours of the doctrine in *T. M. v. Univ. of Maryland Med. Sys. Corp.*, No. 25-197, 2026 WL 1751823 (U.S. June 18, 2026). As the Court explained, *Rooker* and *Feldman*, the two cases that combined create the doctrine, are built "on two closely related bases of reasoning. The first is that, when plaintiffs 'essentially invit[e] federal courts of first instance to review and reverse unfavorable state-court judgments,' they are seeking an exercise of appellate jurisdiction. The second is that such 'appellate jurisdiction to reverse or modify a state-court judgment is lodged, ... by 28 U.S.C. § 1257, exclusively in [the Supreme Court].'" *Id.* at *6 (internal citations omitted). So, it follows that if the Plaintiff seeks appellate review of a state court decision, then the Court lacks subject matter jurisdiction because, as a federal district court, this Court is "empowered to exercise [only] original, not appellate, jurisdiction." *Id.* (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005)).

But the application of the doctrine is quite limited, with the Supreme Court stating in *Exxon* that the "*Rooker-Feldman* doctrine ... is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of

those judgments." 544 U.S. 280, 284. And the Sixth Circuit has cautioned the application of the Rooker-Feldman doctrine in recent decisions. *See HPIL Holding, Inc. v. Zhang*, 168 F.4th 944, 948 (6th Cir. 2026) (noting and cautioning the continuing trend of federal district courts overapplication of the *Rooker-Feldman* doctrine).

The doctrine does not apply in this case. Plaintiff does not appear to contest this first element of the doctrine. He is a state-court loser who complains of state-court injuries. It's clear from his complaint that there is at least some judgment, though left unspecified by Plaintiff, from a state court judge requiring him to pay child support out of monies from both his veteran's and disability benefits. (ECF No. 1, PageID.8–9). Additionally, there must be another judgment, though also left unspecified, from the state court which jailed him for his failure to pay child support back in September of 2022. (*Id.* at PageID.9). Thus, all injuries are entirely derived from the state court's judgments.

Instead, he argues that his preemption arguments do not challenge the underlying state court judgments. (*See* ECF No. 8, PageID.40 ("I have not asked this Court to review or touch any state court order, but I have presented valid and appropriate federal questions based on legal evidence of complete federal preemption.")). Indeed, the Sixth circuit has said that when a "plaintiff's lawsuit 'would undermine a judgment's legal underpinnings'" this does not implicate the

*Rooker-Feldman* doctrine's jurisdictional bar. *HPIL Holding, Inc*, 168 F.4th at 950 (quoting *Hohenberg v. Shelby Cnty., Tennessee*, 68 F.4th 336, 341 (6th Cir. 2023)).

And here Plaintiff's preemption arguments at best attack the legal underpinnings of the judgements, not the judgements themselves. For starters, even if Plaintiff is correct that state law governing the garnishment of his benefits were preempted by federal law, it does not mean that those state court judgments would be void. Rather, Plaintiff would still have to pay his child support payments, but it would just be that the courts could not "extract money from [his] disability retired pay and veteran's benefits." (ECF No. 1, PageID.8). Indeed, Plaintiff appears to agree that the state court judge may enter judgments demanding he pay child support. (*Id.* at PageID.9 ("No matter what jurisdiction [the state court judge] normally has to make or enforce child support orders, he has NO possibility of jurisdiction to extract money from [Plaintiff's] benefits.") (emphasis in original)).

And Plaintiff does not appear to be inviting this Court to "review and reject[]" those state court judgments. *Exxon*, 544 U.S. at 284. In fact, his complaint does not mention the word "appeal" or any equivalent word that would indicate that he seeks review of those underlying judgments. *See HPIL Holding, Inc.*, 168 F.4th at 951. And while he does seek declaratory relief, he does not seek the Court declare those underlying judgments as void; instead, he requests declaratory relief "confirming that state judges are automatically bound by the Supremacy Clause thereby required

to obey the strict definition of 'disposable retired pay' found in the plain and precise text of positive law 10 U.S.C. § 1408 and the complete federal preemption expressed in the plain text of positive law 38 U.S.C. § 511." (ECF No. 1, PageID10).

At best, Plaintiff is implicitly attacking those judgments, which does not implicate the doctrine. *See HPIL Holding, Inc.*, 168 F.4th at 951 ("*Rooker* and *Feldman* apply only to attempts to *directly* reverse a state court's judgment") (emphasis added). Thus, these objections are sustained.

3.  Objections to the Statute of Limitations Arguments

While the Court has subject matter jurisdiction to review Plaintiff's complaint, it will not reach the merits of his claims because they are barred by the statute of limitations. And from the face of the complaint, it appears that the complaint is untimely. "Where a statute of limitations defect is obvious from the face of the complaint, sua sponte dismissal is appropriate." *Norman v. Granson*, No. 18-4232, 2020 WL 3240900, at \*2 (6th Cir. Mar. 25, 2020). So the Court will dismiss the case *sua sponte* as time barred.

Plaintiff's complaint indicates that all his claims are raised under 42 U.S.C. § 1983. (ECF No. 1, PageID.22). "The statute of limitations applicable to a § 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citing *Kuhnle Bros.,*

*Inc. v. County of Geauga*, 103 F.3d 516, 519 (6th Cir.1997)). Plaintiff has not objected to the Magistrate Judge's finding that the state of Michigan's statute of limitations for personal injury claims governs. (ECF No. 7, PageID.34). In Michigan, the statute of limitations for a personal injury claim is three years. *Green v. City of Southfield*, 759 F. App'x 410, 414 (6th Cir. 2018) (citing Mich. Comp. Laws § 600.5805(2)).

However, federal law governs when the statute of limitations in a § 1983 case begins to run. *Green*, 759 F. App'x at 414. "'The statute of limitations commences when the plaintiff knows or has reason to know of [their] injury which is the basis of [their] action[;]' a plaintiff has reason to know of [their] injury when [they] should have discovered it through the exercise of reasonable diligence." *Id.* (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)).

The Magistrate Judge explained that the complaint does not present any dates except for the Plaintiff's jailing on September 22, 2022, seemingly for failure to pay child support. (ECF No. 7, PageID.34). As the Magistrate Judge noted, the Plaintiff's complaint was not filed till December 5, 2025, (ECF No. 1), which would be past the three-year statute of limitations, (ECF No. 7, PageID.34).

But the Plaintiff notes, albeit in passing, that "[f]rom 2019 to present day" the Defendants have "knowingly and willfully broken federal law to extract money from" his disability and his veteran's benefits. (ECF No. 1, PageID.8). And a quick

- 9 -

look into the Plaintiff's state court case in front of Michigan's 34th Circuit Court indicates that at least as early as April of 2019 he was required to pay child support. *See Brandon Trudel v. Amanda Trudel*, Case No. 2018-0000650965-DM (34th Cir. Ct. Ogemaw Cnty., Mich). So regardless of whether the source of Plaintiff's injuries was the September 2022 order jailing him or the original order requiring him to pay child support in April of 2019, the statute of limitations had already expired by December of 2025 when he filed his complaint.

And Plaintiff does not challenge that he had knowledge of either injury. Rather, his only objection is that his injury is "current and ongoing." (ECF No. 8, PageID.40). This argument fails.

While not mentioned by name, Plaintiff is referring to the continuing violations doctrine: "an exception to the ordinary rule regarding the commencement of a statute of limitations, allows for tolling based on continuing unlawful acts." *Norman*, 2020 WL 3240900, at *2. "For a continuing violation to exist: (1) 'the defendant's wrongful conduct must continue after the precipitating event that began the pattern,' (2) 'injury to the plaintiff must continue to accrue after that event,' and (3) 'further injury to the plaintiff[ ] must have been avoidable if the defendants had at any time ceased their wrongful conduct.'" *Id.* (quoting *Tolbert v. Ohio Dep't of Transp.*, 172 F.3d 934, 940 (6th Cir. 1999)). The Sixth circuit has recognized two types of continuing violations: "(1) 'those alleging serial violations' and (2) 'those

identified with a longstanding and demonstrable policy of discrimination.'" *Id.* (quoting *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003). But the doctrine is rarely applied in the context of § 1983 cases. *Id.* (citing *Sharpe*, 319 F.3d at 267). And "[a] continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Tolbert*, 172 F.3d at 940 (quoting *National Advertising Co. v. City of Raleigh*, 947 F.2d 1158, 1166 (4th Cir.1991)).

Plaintiff's argument appears to be that because he is required to continually use his veterans and disability benefits to pay his child support, he is suffering a continuing violation. (ECF No. 8, PageID.40). It's difficult to see how this argument impacts the September 2022 state-court order which jailed him, but even construing the facts in Plaintiff's favor it does not appear that he has suffered a continuing violation that would toll the statute of limitations in this action.

Indeed, Plaintiff has not pleaded continuing unlawful acts, but rather one unlawful act: the requirement that he pay child support out of his benefits. The fact that he must keep paying out of his benefits does not make the alleged unlawful act continuous. Rather, he faces the continued ill effects of the original alleged violation: the state court order in 2019. Plaintiff does not identify a new support order, or any order for that matter, that would indicate he is suffering a continual violation. And, while he appears to have been jailed now twice for failing to pay, these incarcerations are simply the ill effects of failing to pay his child support in compliance with the

- 11 -

original state court order. Therefore, this objection is overruled, and the Court will dismiss the Plaintiff's complaint as time barred by the statute of limitations.

Accordingly, IT IS ORDERED that the Plaintiff's objections to the Magistrate Judge's report and recommendation (ECF No. 8) are sustained in part and overruled in part.

IT IS FURTHER ORDERED that the Magistrate Judge's report and recommendation (ECF No. 7) is accepted and adopted in part and rejected in part.

IT IS FURTHER ORDERED that the Plaintiff's complaint (ECF No. 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that the Plaintiff's emergency motion for summary judgment (ECF No. 9) is dismissed as moot.

IT IS FURTHER ORDERED that the clerk is ordered to close the case.

Dated: July 16, 2026

s/ Robert J. White
Robert J. White
United States District Judge